UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEPHEN MANNING

                    Plaintiff,

    v.

CITY OF NEW YORK,
POLICE OFFICERS JOHN DOE #1-4,

                    Defendants.
--------------------------------------------------------X

Index No.: 26-CV-2106

**COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff, STEPHEN MANNING, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-4, upon information and belief, alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, STEPHEN MANNING, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff STEPHEN MANNING is a United States citizen of full age and a resident of Queens County, State of New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICERS JOHN DOE #1-4 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-4 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and

authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

8.    On or about November 16, 2024, at approximately 11:00 P.M., in the vicinity of 1088 Sutter Avenue in Brooklyn, plaintiff STEPHEN MANNING was lawfully present inside of a parked car when he noticed police officers in an unmarked vehicle seemingly looking inside his car.

9.    Plaintiff exited the vehicle and walked towards his home, which was at 1088 Sutter Avenue, just a few feet from where his car was parked near the corner of Sutter and Atkins Avenues.

10.    Plaintiff's cousin was also with him at this time.

11.    As the two of them walked towards 1088 Sutter, the unmarked vehicle made a U-turn and circled back.

12.    As plaintiff was approaching 1088 Sutter, defendants POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2, POLICE OFFICER JOHN DOE #3 and POLICE OFFICER JOHN DOE #4 exited from the unmarked vehicle and approached plaintiff and his cousin.

13.    Defendant POLICE OFFICER JOHN DOE #1 and defendant POLICE OFFICER JOHN DOE #2 immediately grabbed plaintiff and began frisking his person.

14.    When plaintiff insisted that their actions were not warranted, they instructed him that if he did not comply, he would be arrested.

15. When plaintiff continued to persist that he was under no obligation to cooperate with an illegal stop and frisk defendant POLICE OFFICER JOHN DOE #1 placed him under arrest.

16. Defendant POLICE OFFICER JOHN DOE #1 and defendant POLICE OFFICER JOHN DOE #2 then placed plaintiff in handcuffs and forcibly took hold of him.

17. As they were forcing plaintiff into the back of their vehicle, defendant POLICE OFFICER JOHN DOE #2 purposely closed the vehicle door on plaintiff's leg, causing him to experience excruciating pain.

18. As this was happening, defendant POLICE OFFICER JOHN DOE #3 and defendant POLICE OFFICER JOHN DOE #4 stood by and did nothing to stop the illegal use of arrest power and the excessive use of force by their colleagues, despite having ample opportunity to do so.

19. Plaintiff was taken to the 75th Precinct and placed in a cell.

20. Plaintiff remained in that cell for approximately seven hours before he was released with a desk appearance ticket charging disorderly conduct.

21. When plaintiff appeared in Kings County Criminal Court to answer the ticket, he was informed that the DAT was never filed with the Court and that he was free to go.

22. At no time during the events described above did plaintiff commit any act for which he could be lawfully detained or arrested.

23. At no time during the events described above did plaintiff commit any act for which the use of force would have been a reasonable response.

24.    At no time during the events described above did the defendant officers have probable cause to arrest plaintiff or reason to believe that he had committed any act for which he could be lawfully arrested.

25.    As a result of the illegal use of force and abuse of arrest power on the part of the defendants POLICE OFFICERS JOHN DOE #1-4, plaintiff did suffer excruciating pain and the loss of liberty.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICERS JOHN DOE #1-4 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

26.    Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27.    At all times during the events described above defendants lacked probable cause to arrest plaintiff.

28.    All of the aforementioned acts of defendants POLICE OFFICERS JOHN DOE #1-4 were carried out under the color of state law.

29.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30.    The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

31.    At all times relevant to this complaint, each of the defendant officers had a duty to intervene and put a stop to the illegal use of arrest power complained of herein.

32.     At all times relevant to this complaint, each of the defendant officers had an opportunity to intervene and put a stop to the illegal use of arrest power by their colleagues.

33.     At all times relevant to this complaint, each of the defendants failed to intervene and put a stop to the illegal use of arrest power complained of herein, despite having ample opportunity to do so.

34.     The arrest complained of resulted in plaintiff's unlawful loss of liberty.

35.     The acts complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

### Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-4 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

36.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

37.     At all times during the events described above defendants POLICE OFFICERS JOHN DOE #1-4 lacked probable cause to use force against plaintiff.

38.     All of the aforementioned acts of defendants were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40.     The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

41.     At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so.

42.     The acts complained of resulted in pain and injury to plaintiff.

6

43.     The acts complained of deprived plaintiff of his right to be free from excessive force.

### AS FOR A THIRD CAUSE OF ACTION

***Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK***

44.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

45.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

46.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

47.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this complaint.

48.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: March 16, 2026
       New York, NY

By:      */s/Alexis G. Padilla*
     Alexis G. Padilla, Esq. [AP7400]
     *Attorney for Plaintiff*
     *Stephen Manning*
     378 Lewis Avenue #6
     Brooklyn, NY 11233
     Tel. (917) 238-2993
     alexpadilla722@gmail.com